NOYES *et al.* v. BELDING *et al.*

1.  The purpose and end of a judicial decision is the settlement of some question in dispute, and, so far as such question is submitted and decided, the judgment is conclusive upon the parties and their privies. It is final as to the claim or demand in controversy, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other admissible matter which might have been offered for that purpose; but, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an esstoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict upon which such judgment rests was rendered.

2.  K. & M., partners, made a sale in form of certain property to one K. On an execution against K. & M. the sheriff levied upon such property.

K., the alleged purchaser, sued the sheriff, who defended on the ground that the pretended sale was without consideration, made with intent to defraud creditors, was not followed by change of possession, and was void as to creditors. The trial court so found, and rendered judgment for defendant sheriff. The wives of the said judgment debtors then proceeded under the statute (section 5133, Comp. Laws) to claim such property as exempt, and such proceedings thereon were had that the sheriff turned the same over as exempt. In an action by the judgment creditors against the sheriff for turning over such property, *held*, that the judgment in the former action of K. against the sheriff was not conclusive as against the claim of the wives that such property was not exempt, there being nothing in the record to show or suggest that the question of the exempt character of the property was presented to or passed upon by the court.

(Syllabus by the Court. Opinion filed April 18, 1895.)

Appeal from circuit court, Lawrence couniy. Hon. CHAS. M. THOMAS, Judge.

This case was first decided by this court in an opinion found in 5 S. D. 603, 59 N. W. 1069, in which opinion the judgment of the lower court was affirmed. Appellants petition for a rehearing which in this opinion is denied.

*Martin & Mason*, for appellants.

*G. G. Bennett, William R. Steele* and *Edwin VanCise*, for respondents.

The facts are stated in the opinion.

KELLAM, J. The opinion in this case is published in 5 S. D. 603. The only ground which we desire to notice. upon which appellaets ask for a rehearing, is that "this court did not take into consideration the effect of the judgment for defendant in the conversion suit of William G. Knowles. against Sheriff Belding for the attached property." The particular question now in hand is the right of the wives of Knowles and Marshman to claim exemptions from the property of their husbands. Prior to the assertion of such claim, Knowles and Marshman, it would seem had attempted to sell the property referred to, to one William G. Knowles. After such attempted sale the sheriff had levied upon it as the property of the assignors, Knowles and Marsh-

man, and William G. Knowles, claiming to be the owner, brought suit against the sheriff. In this action as shown by the abstract in the case, Knowles alleged ownership and possession and the wrongful taking by the defendant sheriff. The answer denied his ownership or possession, alleged that the pretended sale was without consideration, was not followed by change of possession, and was made with intent to cheat and defraud the creditors of Knowles and Marshman. This action was determined in favor of the sheriff, the court holding the transfer to William G. Knowles to be fraudulent and void as to the creditors of Knowles and Marshman. Appellants insist that this judgment is *res judicata* as to the nonexempt character of the property attempted to be transferred, and this is the ground upon which it is claimed that "this court did not take into consideration the effect of the judgment for defendant in the conversion suit." This point seems to have been neglected in our former opinion, hence we notice it briefly now.

The purpose and end of a judicial decision is the settlement of some question in dispute, and, so far as such question is submitted and decided, the judgment is conclusive upon the parties and their privies. It is final as to the claim or demand in controversy, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other admissibe matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict upon which such judgment rests was rendered. In the case before us the judgment which the appellants seek to use as a bar to any inquiry as to whether the property involved may be claimed as exempt or not was rendered in an action in which the issue as made by the pleadings was the *mala fides* of the transfer. It was alleged that it was fraudulent, because without consideration or change of possession,

and made with intent to defraud creditors. The judgment settled this question beyond further agitation by these parties, that one or all these facts existed, and that, controlled thereby, the transfer was void as to creditors. Appellants contend that it must also have determined the further fact that such property was not exempt, because, if it were, its transfer would not have been fradulent; there is nothing to show or suggest that any such question was submitted to or considered by the court. It is apparent from the record that the former action was tried and determined solely upon the question of the alleged fraud in the transfer. The right to claim a part or all the property involved as exempt was an independent matter, which might or might not have been asserted in such action. If asserted and denied, the judgment would have covered such question, and have been conclusive. If not asserted, and so not considered and determined, it ought not to be so held for the purposes of this second action. In Cromwell v. Sac Co., 94 U. S. 351, Mr. Justice Field said: "It is not believed that there are any cases going to the extent that, because in the prior action a different question from that actually determined might have arisen and been litigated, therefore such possible question to be considered as excluded from consideration in the second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action." In Black, Judgm. sec. 617, the author says, and cites many cases in support, that: "If a particular point was not in issue in the suit,—either in the technical sense of an issue framed by the pleadings, or in the sense of being the decisive question in the case and the one actually litigated and determining the result—it is not conclusively established by the judgment therein, for the purposes of a subsequent suit upon a different cause of action, although it may be expressly or tac-

itly involved in the judgment." The action at bar is for damages against the sheriff for turning over to the wives of Knowles and Marshman property which they claimed as exempt under and in pursuance of the statute, as fully explained in our former opinion, a cause of action different from and independent of that upon which the prior judgment was rendered. In such case the inquiry must be as to the points or questions actually litigated and determined in the original action. Such questions, in the absence of further evidence, are those presented by the pleadings. Whether this property was exempt or not depended upon facts never presented to the court, and consequently facts whose legal effect was never judicially determined or considered. Jones v. Dipers, 123 Ind. 594, 23 N. E. 944, is cited as supporting the contention that the judgment in the case of William G. Knowles against the sheriff is conclusive upon the question of the exempt character of this property in this action. The opinion in that case does not show the facts very fully, but the language of the opinion very strongly suggests that the question of exemption was one of the very and express issues in the first case. It says: Whether the appellant was a householder, and entitled to the $600 exemption, and had not to exceed $600 worth of property when he sold to Davis, and whether or not the sale to Davis was *bona fide*, were questions involved in the action between Davis and appellant; and, having been determined and settled in that action, that adjudication was binding, not only upon Davis, but upon his privy in ownership, the appellee. The authorities cited by appellee's counsel do not apply to the question under consideration. They hold, and correctly so, that where a judgment debtor disposes of property, if he has not to exceed $600 worth of property, and is entitled to the benefit of the exemption law, he can commit no fraud upon creditors, no difference what his motive may be. But when the questions arise in a court of competent jurisdiction, as to whether he is entitled to an exemption, and

whether or not he has $600 worth of property, and as to whether or not the sale or transfer is in fraud of creditors, and the adjudication is against him, that is the end of the matter." The question of the exempt character of the property is here spoken of as an issue that was tried and determined, and not as one simply set at rest by the determination of the other question of fraudulent transfer. They are referred to as two questions connected by the conjunction "and," both of which did "arise" and were "determined and settled." At all events, upon a record like the one before us, from which we are entirely satisfied that no question of exemption was raised or tried in the first action, and with the statute before us (section 5133, Comp. Laws) expressly saving to the wife the right to claim such exemptions under the conditions named, and declaring that no failure or refusal of the husband to assert his right to exemptions should deprive the wife of such right, we feel very confident that we are right in holding that in respect to the claim of the wives for exemptions the judgment in William G. Knowles against the sheriff, upon the record presented, is not conclusive against them. Whether important or not, it seems to be a fact that Indiana has no such statute as ours, expressly giving the wife the right to make claim for exemptions in case the husband neglect or refuse to do so. We see no reason for thinking that a re-argument would change our former decision of this case, and the application is denied.