## BROWN v. HOLLISTER.

A judgment setting aside a tax deed in an action by purchaser of the premises against the holder of the tax deed and the vendor, who was notified that no personal claim would be made against her in case of her default, and defaulted, is not a bar to an action by the purchaser against the vendor to reform the deed to him so as to make the same warranty deed and to recover on the warranty the amount he paid to relieve the property from the tax liens.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Margaret Grace Brown against Mary B. Hollister. From a judgment for plaintiff, defendant appeals. Affirmed.

*Davis, Lyon & Gates,* for appellant.

The judgment in the former case is a bar to every matter which the plaintiff had an opportunity to present and might have had adjudicated therein, whether actually presented and solved or not, and is conclusive upon any question within the issues actually presented. Remilliard v. Authier, 20 S. D., 105 N. W. 626; Rowell v. Smith (Wis.) 102 N. W. 1; First Nat. Bank v. Gibson (Neb) 104 N. W. 174; Bingham v. Kearny, 136 Cal. 175, 68 P. 597; Werlien v. New Orleans, 177 U. S. 390; Minn. Threshing Mfg. Co. v. Schaak, 10 S. D. 511; Bennett v. Wilmington Star Min. Co. 119 Ill. 9; Jordan v. Van Eps, 85 N. Y. 427, 436; Neil v. Tolman, 12 Ore. 289, 7 P. 103; Wren v. Ficklin (Ky.) 59 S. W. 746; Pennock v. Kennedy, 153 Pa. St. 589; 26 Atl. 217; Parkhurst v. Sumner, 23 Vt. 538.

*Aikens & Judge,* for respondent.

A judgment to be evidence against a party in another suit upon a different cause of action, it must be rendered in a proceeding between the same parties or their privies, and the point must be involved in both cases and must have been determined upon its merits.

If the first action is disposed of upon any ground that does not go to its merits, the judgment rendered will not include the party. City of Richmond v. Sitterding, 99 Am. St. Rep. 881; Pitts v. Oliver, 13 S. D. 561; Noyes v. Belding, 6 S. D. 629.

CORSON, J. The principal question presented on this appeal is whether a judgment in a former action between the parties estopped the plaintiff from recovering in this action. This action was tried by the court without a jury; and, findings and judgment, being in favor of the plaintiff, the defendant has appealed.

It is disclosed by the record that the defendant conveyed to the plaintiff certain property in the city of Sioux Falls by what plaintiff claimed was intended to be a warranty deed, and that at the time of said conveyance there was an out-standing tax deed against the property issued by the county treasurer of Minnehaha county. To vacate, set aside, and cancel this tax deed the plaintiff instituted an action upon which judgment was rendered in favor of the plaintiff on September 12, 1903. The court in that action vacated and set aside the tax deed, but required the plaintiff as a condition for vacating the same to pay the amount of tax liens against the property. Subsequently plaintiff paid said taxes, and thereupon brought the present action to reform the warranty deed from the defendant to her, and to recover from the defendant upon her warranty the money so paid by the plaintiff on account of such taxes. The former action was against the present defendant, Mary B. Hollister, and W. C. Hollister and the State Banking & Trust Company, and annexed to the summons in that action was the following notice: "To the above-named defendants, Mary B. Hollister and William C. Hollister: You are hereby notified that the plaintiff in this action will make no personal claim against you, or either of you, for costs or otherwise in case of your making default therein." The defendant, Mary B. Hollister, and William C. Hollister did not appear in that action or make any defense thereto. In the complaint in that action were a number of allegations upon which the court made findings of fact, but subesequently, upon motion of the plaintiff, all·of these findings were stricken out, except those finding the plaintiff to be the owner of the property and

Vol. 21 S. D. 18

the invalidity of the tax deed. In support of the judgment this court must presume that the ruling of the court below on the motion to strike out the findings was properly made. Subsequently to the rendition of the judgment in that action the plaintiff paid the amount of taxes required by the judgment to be paid, and thereupon instituted the present action against the defendant, Mary B. Hollister, to reform the deed executed by her to the plaintiff for the said property, by making the same a full warranty deed, and to recover of her upon such warranty the amount of money so paid by the plaintiff to relieve her property from said tax liens.

In the present action the defendant introduced in evidence the pleadings, judgment and proceedings in the former action as a bar to plaintiff's right to recover in this action. It is contended by the defendant that the judgment in the former action constitutes a bar to the plaintiff's recovery in the present action on the ground that all the defenses in the present action might have been made under the pleadings in the former action; but her contention is clearly untenable for the following reasons: (1) The defendant, Mary B. Hollister, in the former action was notified that no personal claim would be made against her in that action, and therefore was not required to make any appearance of defense therein. (2) The court in its judgment determined only the ownership of the property, the invalidity of the tax deed, and the amount of taxes actually due upon the property which the plaintiff was required to pay under the provisions of the statute. (3) No recovery could have been had against the defendant, Mary B. Hollister, in that action for the amount of such taxes upon her warranty as the same had not at that time been paid by the plaintiff and the deed had not been reformed. While it is true there are a number of allegations in the complaint in the former action quite similar to the allegations made in the present action, they were, as we have seen, evidently treated by the court as irrelevant and immaterial in that action. It is only material and relevant issues arising under the pleadings that are properly litigated by the parties, and it is only adjudication upon these material and relevant issues that constitutes an estoppel in the subsequent action.

In Noyes et al. v. Belding et al., 6 S. D. 629, 62 N. W. 953,

this court said: A judgment "is final as to the claim or demand in controversy, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other admissible matter which might have been offered for that purpose. But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict upon which such judgment rests was rendered." And in the case of Pitts et al. v. Oliver, 13 S. D. 561, 83 N. W. 591, this court said: "The judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered." While this seems to be the general rule, it must of course, be understood that the issues presented by the record are material and relevant, and such as are necessary for the determination of the controversy. It is very clear from an examination of the pleadings, findings, and judgment in the former action that the issues presented in the present action were neither litigated nor adjudicated therein. The prayer in the complaint in that action was (1) that plaintiff be decreed the sole owner of the property; (2) that the bank be decreed to have no interest therein; (3) that the tax deed be adjudged null and void. The findings of the court, as modified, were limited to these three issues, and the judgment of the court followed the findings. It will thus be seen that no issue as to reforming the deed from the defendant to the plaintiff, or as to plaintiff's right of recovery from the defendant the amount so paid by her for taxes, was either litigated or adjudged in that action.

The present action, however, was instituted by the plaintiff to reform the deed from the defendant to the plaintiff, and to recover from the defendant the amount of taxes so paid by her in order to relieve the premises from the tax liens. The prayer of the complaint in the present action is (1) that the deed from the defendant to the plaintiff be reformed; (2) that the plaintiff recover of the defendant the amount of taxes paid by her and costs of the action. The court's findings and judgment are confined to these two issues. It is clear, therefore, that the judgment and proceedings in the

former action constitute no estoppel or bar to plaintiff's right of recovery in the present action, and the fact that certain allegations in the complaint in the former action are substantially copied in the complaint in the present action, but which were manifestly held by the court to be irrelevant and immaterial in that action does not render the judgment therein a bar to the present action.

The other questions presented by the record do not seem to us to be of sufficient importance to merit a separate discussion.

Finding no error in the record, the judgment and order denying a new trial are affirmed.