(No. 12026.—Writ denied.)

THE PEOPLE *ex rel.* The First National Bank of Joliet, Petitioner, *vs.* ANDREW RUSSEL, Auditor of Public Accounts, Respondent.

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. RES JUDICATA—*a judgment, although erroneous, is binding until set aside.* The judgment of a court of competent jurisdiction, although erroneous, is binding upon the parties until reversed and is a complete bar to a subsequent suit between the same parties on the same demand or cause of action.

2. SAME—*when Supreme Court must adhere to former decision.* Where the Supreme Court, having jurisdiction of the parties and the subject matter, has passed upon a Federal statute and the judgment is not appealed from, the decision so rendered must be adhered to in a second suit between the same parties asking the same relief, notwithstanding the Supreme Court of the United States, in another suit arising in another State, has in the meantime expressed a contrary view of such statute.

ORIGINAL petition for *mandamus.*

BARR, MCNAUGHTON & BARR, for petitioner.

EDWARD J. BRUNDAGE, Attorney General, and NOAH C. BAINUM, for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an original petition filed in this court, on the relation of the First National Bank of Joliet, for a peremptory writ of *mandamus* against the State Auditor of Public Accounts, commanding him to forthwith issue to relator a certificate of qualification under the Trust act of Illinois, whereby it might lawfully act as trustee, executor, administrator or registrar of stocks and bonds and in such other trust capacities as provided by the Trust act.

Relator alleges it is a national banking association incorporated under an act of Congress; that pursuant to regulations prescribed by the Reserve Bank Organization Commit-

tee created by act of Congress entitled "An act to provide for the establishment of Federal reserve banks," etc., commonly called the Federal Reserve act, the relator became a member of the Federal Reserve Bank of Chicago and still continues to be such member; that said Federal Reserve act provides that the Federal Reserve Board created by the act may grant special permits to national banks applying therefor, when not in contravention of State or local law, to act as trustees, executors, administrators or registrars of stocks and bonds, under such rules and regulations as said board might prescribe. The petition alleges that upon its application to the Federal Reserve Board said board granted relator permission to act as trustee, executor, administrator or registrar of stocks and bonds; that thereafter relator applied to the Auditor of Public Accounts of the State of Illinois for a certificate of authority, stating therein that relator had complied with the Illinois act entitled "An act to provide for and regulate the administration of trusts and trust companies," approved June 15, 1887, and subsequent amendatory and supplementary acts. The petition alleges that at the time of making said application to the Auditor relator offered to comply with all the requirements of the Illinois act, but the Auditor refused to issue said certificate of qualification, whereby relator has been and is prevented from exercising the rights, privileges and franchises conferred by the Trust act of the State of Illinois.

At a former term of this court this same relator filed a precisely similar petition praying the same relief. The only difference is that then James J. Brady was the incumbent in the office of Auditor of Public Accounts while now Andrew J. Russel is the incumbent. Three issues of law were raised by demurrer to the former petition, which we considered on their merits in an opinion filed at the December term, 1915, denying the writ. (*People* v. *Brady*, 271 Ill. 100.) One question was the contention of the Attorney General that section 11*k* of the Federal Reserve act is

a delegation of legislative power by Congress to the Federal Reserve Board, in violation of the constitution of the United States. We did not sustain that contention. The second and third questions were, (2) if it be held section 11*k* is not a delegation of legislative power but is a general grant by Congress to national banks of power to act as trustees, executors, administrators or registrars of stocks and bonds, it is void for want of power in Congress to grant such a franchise to a national bank; and (3) that to permit national banks to act as trustees, executors, administrators or registrars of stocks and bonds in Illinois would be in contravention of the laws of Illinois. Upon the second question we expressed our understanding of the decisions of the Supreme Court of the United States, especially *McCulloch* v. *State of Maryland,* 4 Wheat. 316, and *Osborn* v. *United States Bank,* 9 id. 738, to be as follows: "The basis upon which the authorities rest that Congress has power to create a banking corporation and authorize it to carry on a general banking business is that such institutions are necessary and appropriate agencies for the carrying out of certain governmental functions, and while they are authorized to engage in a general banking business, (U. S. Rev. Stat. sec. 5136,) such authority is necessary to their continued existence and the exercise of such power is necessary to enable the corporations to serve the purpose of their creation. The power to create them was never sustained on the ground that Congress had the right to charter a corporation for the purpose, alone, of engaging in the private trade of banking, but the power of such corporation to engage in such trade or business was sustained as necessary to perpetuate the life of the corporation created as an instrument or agent for carrying out the objects and purposes of the government." We further were of opinion that as Congress had no express authority to create a corporation for the purpose of engaging in the business of acting as trustee, executor of wills or administrator of es-

tates it had no implied power to authorize a national banking corporation to act in those capacities, because in our view such powers could not be made useful instrumentalities in carrying out governmental functions and their exercise is not necessary to the life or existence of the bank. We further were of opinion the business of acting as trustee, executor and administrator appertains to private property rights under the laws of the several States, their devolution, descent and distribution, and therefore subjects of regulation by the States. Upon the third question we were of opinion, from an examination of the large powers conferred by the Illinois statute upon the Auditor of Public Accounts of examination, regulation and control of corporations authorized to administer trusts in this State, that the Federal Reserve act in this respect, or section 11$k$, is "in contravention of State or local law." No appeal was prosecuted or writ of error sued out to reverse that judgment, rendered more than two years before this petition was filed, and it still remains in full force and effect. Now the same relator files a precisely similar petition against the same public officer, asking the same relief upon the same grounds as in the former case. There is identity in the thing sued for, the cause of action, parties to the action and quality in the person for and against whom the claim is made. This court had jurisdiction of the subject matter and of the parties, and the decision, whether erroneous or not, was based on the merits of the case. The judgment of a court of competent jurisdiction, although it may be erroneous, is binding upon the parties until reversed and cannot be collaterally assailed. It is a complete bar to a subsequent suit between the same parties on the same demand or cause of action. *Johnson Co.* v. *Wharton,* 152 U. S. 252; *Smyth* v. *Neff,* 123 Ill. 310; *Baum* v. *Hartmann,* 238 id. 519; 3 Cyc. 493; 15 R. C. L. 959.

The reason given by the relator for bringing the same suit again is, that since our decision in the case when it was

before us the first time the Supreme Court of the United
States has considered the same questions on writ of error
to the Supreme Court of Michigan, (*National Bank of Bay
City* v. *Fellows,* 37 Sup. Ct. Rep. 734,) and in an opinion
filed June 11, 1917, sustained the validity of section 11*k* of
the Federal Reserve act and the power of the Federal Re-
serve Board under said act to clothe a national bank with
authority to act as trustee, executor or administrator, and
it is, in substance, contended that we should disregard or
ignore our former judgment in this case and award the per-
emptory writ. We willingly and cheerfully yield obedience
to the authority of decisions of the United States Supreme
Court when we have any liberty of choice in the matter, but
we do not understand that in this case we have the power
to adopt the view of the United States Supreme Court and
render a judgment granting the relief prayed. If that court
had been asked to review our decision it would have had
the power to reverse and set it aside, but we do not un-
derstand the reversal of the judgment of the Supreme Court
of Michigan in any way disturbed or affected the conclu-
siveness of the judgment of this court as a bar to a second
suit between the same parties on the same cause of action.
Under the decisions of the Supreme Court of the United
States our judgment was erroneous, but the conclusiveness
of a judgment upon the parties to it does not depend upon
whether it is erroneous. (*Case* v. *Beauregard,* 101 U. S.
688.) Although it may be based upon unsound principles
it is binding on the parties and on the court rendering it
unless reversed or set aside, and it is unaffected by the fact
that in another-case another court has rendered a different
judgment upon the same issues of law or fact. We do not
understand that we have the power to entertain, hear and
determine this case so long as our judgment in the same
case rendered at a former term is in full force and effect.
For these reasons we feel compelled to deny the writ.

*Writ denied.*