RAMSEY TWP., McCOOK COUNTY, Appellant, v.
LAKE COUNTY, et al, Respondents

(298 N. W. 356.)

(File No. 8413. Opinion filed May 28, 1941.)

**Louis H. Smith,** of Sioux Falls, for Appellant.

**Jones, Matthews & Fitzpatrick,** of Sioux Falls, and **R. J. Lyons,** of Madison, for Respondents.

PER CURIAM. This present action in our opinion is based upon the same claim and demand as that involved in Lake County v. Orland Township et al., 59 S. D. 340, 239 N.

W. 852, 854. Ramsey Township was a party to the above cited action and by a cross complaint, as stated in the opinion: "* * * prayed that the court 'cancel * * * the equalization of the proportion of benefits to the highways * * * and cancel * * * any assessments that may be levied against said Ramsey township based on said unjust and unlawful apportionment of benefits * * * and that a new equalization and apportionment of benefits be made by the court * * * according to benefits actually received by the respective townships * * * and have * * * further relief'."

The same Ramsey Township is the party plaintiff in this present case and it is the same equalization of the proportion of benefits to the same highways that Ramsey Township is again attempting to question. In the brief filed on behalf of the township it is stated that the present action is "to cancel the purported equalization of the proportion of benefits to highways between Ramsey Township and Buffalo and Orland Townships, to cancel and set aside the assessments made thereon * * * that a new equalization be made and the benefits newly apportioned by the court, and that the defendants be restrained and enjoined from collecting the assessments from the plaintiff." The defendants in this action are Lake County, Orland Township, and Buffalo Township who were all parties to the prior case.

██ Following the decision of this court in the Lake County case, Ramsey Township suffered judgment to be entered against it and that judgment still stands and is in all respects final. With regard to this judgment the trial court found, as follows: "Such judgment is a decision on the merits upon the same cause of action between the same parties; there is no contention raised by the pleadings or from the evidence in the instant action which was not or could not have been raised upon said prior action."

The trial court was clearly correct in this finding and it follows that the judgment in the prior action must be held to constitute a bar to this present attempt to relitigate the same claim or demand. A final judgment is a bar or an

estoppel against the prosecution of a second action upon the same claim or demand when rendered upon the merits and constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Keith v. Willers Truck Service, 64 S. D. 274, 266 N. W. 256, 104 A.L.R. 1471; Davis v. Davis, 24 S. D. 474, 124 N. W. 715; Brown v. Hollister, 21 S. D. 272, 111 N. W. 564; Remilliard v. Authier, 20 S. D. 290, 105 N. W. 626, 4 L.R.A., N.S., 295; Noyes v. Belding, 6 S. D. 629, 62 N. W. 953; Howard v. City of Huron, 6 S. D. 180, 60 N. W. 803.

The judgment appealed from is affirmed.

POLLEY, P.J., and WARREN, RUDOLPH, and SMITH, JJ., concur.

ROBERTS, J., not sitting.