# HARTMAN, Respondent, v. HOME OWNERS' LOAN CORP., Appellant

## (7 N. W.2d 720.)

(File No. 8591.   Opinion filed February 1, 1943.)

Eugene C. Mahoney and Louis N. Crill, both of Sioux Falls, Ray E. Dougherty, of Washington, D. C., and Mose Silverman, of Omaha, Neb., for appellant.

E. E. Sullivan, of Sioux Falls, for Respondent.

RUDOLPH, J.  On August 28, 1941, the Circuit Court of Minnehaha County on the application of the respondent, Kate Hartman, extended the period of redemption from a mortgage foreclosure sale until March 1, 1943, under the provisions of Ch. 163, Laws of 1941.  The appellant was the owner and holder of the mortgage which had been foreclosed and appeared at the hearing upon the application to extend the redemption period.  The appellant at the hearing objected to the extension of the redemption period upon certain grounds among which was the ground that the said Ch. 163, Laws of 1941, was unconstitutional.  The court in extending the period of redemption held that the act was constitutional and overruled other objections of the appellant.  The appellant did not appeal from the order of the trial court but accepted the terms and conditions fixed by the trial court in extending the redemption period.  On May 14, 1942, this court in the opinion filed in the case of Petition of Oleson (Home Owners' Loan Corporations v. Oleson), 68 S. D. 435, 3 N. W.2d 880, held that the said Ch. 163, Laws of 1941 was unconstitutional and that it was unconstitutional as of March, 1941, a date several months prior to the date this order extending the redemption period was made.  Thereafter the appellant started this present proceeding wherein it seeks to have the order of the trial court extending the period of redemption to March 1, 1943, vacated and set aside.  The trial court refused to set aside its order extending the period of redemption and an appeal has been taken to this court.

■■■ When the application for the extension of the redemption period was before the trial court it was within the jurisdiction of that court to pass upon and determine the constitutionality of the 1941 act. It was not only within the jurisdiction of the court to make such determination, but that question was squarely presented to the court by the appellant's answer and return to the respondent's application. The court having made this determination, we are convinced that so far as the parties to that proceeding before the court are concerned the determination, even though erroneous, was final and binding and was open to review only upon a direct appeal from the order extending the period of redemption. The Supreme Court of the United States in the case of Chicot County Drainage District v. Baxter State Bank, 308 U. S. 371, 60 S. Ct. 317, 320, 84 L. Ed. 329, was confronted with a state of facts very similar to those now before us. The facts there disclose that in a proceeding before a District Court, that court had approved a plan of readjustment of the indebtedness of the petitioner under an act which in a subsequent proceeding between different parties was held unconstitutional by the Supreme Court. A bond holder who was a party to the reorganization proceeding then brought an action upon certain bonds which had been included in the reorganization plan. The Supreme Court denied recovery upon the bonds and held in effect that the reorganization under the unconstitutional act was binding upon all of the parties before the court. In the opinion it was said:

"As the question of validity was one which had to be determined by a judicial decision, if determined at all, no reason appears why it should not be regarded as determinable by the District Court like any other question affecting its jurisdiction. There can be no doubt that if the question of the constitutionality of the statute had actually been raised and decided by the District Court in the proceeding to effect a plan of debt readjustment in accordance with the statute, that determination would have been final save as it was open to direct review upon appeal. Stoll v. Gottlieb,

[305 U. S. 165, 59 S. Ct. 134, 83 L. Ed. 104; 38 A. B. R., N. S., 76] supra.

"The remaining question is simply whether respondents having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end'."

See, also, Miller v. Tyler, 58 N. Y. 477, 480; Drinkard v. Oden, 150 Ala. 475, 477, 478, 43 So. 578; In re Pulaski Ave., 220 Pa. 276, 279, 280, 69 A. 749; People ex rel. First Nat. Bank v. Russel, 283 Ill. 520, 524, 119 N. E. 617; Beck v. State, 196 Wis. 242, 250, 219 N. W. 197.

■ As stated above, the appellants directly raised the constitutionality of the 1941 Law at the hearing before the circuit court upon the application for the extension of the redemption period and we are of the opinion that the determination of the circuit court should be held final so far as this present proceeding is concerned. Such determination was subject to review only upon an appeal from the order.

■ Appellant places considerable reliance upon Section 6 of said Ch. 163, Laws of 1941, which provides: "The Court in all cases reserves jurisdiction to alter, modify or entirely revoke the order made upon proper application being made and notice given where evidence is introduced establishing that the terms fixed by the Court are no longer just and reasonable or that the petitioner or his successor in interest has defaulted in the terms and conditions of the order relative to the payments to be made, or has violated other conditions of the order, or upon a showing of other changed conditions."

Just what the holding of this court would be had the plaintiff introduced or attempted to introduce evidence to

bring this case within the provisions of the said Section 6 of the Act, we need not now determine because no such evidence was introduced or attempted to be introduced. The only showing before the trial court was that subsequent to the entry of its order extending the period of redemption, the 1941 Act had been held unconstitutional by this court. The attempt here is simply to have the order extending the redemption period set aside on the ground that the act under which it was entered was unconstitutional at the time the order was made. It should be pointed out that this is not a case wherein it is contended that because of changed economic conditions the 1941 act became unconstitutional subsequent to the entry of the order extending the redemption period. Under the holding of this court in the Oleson case, the act was unconstitutional at the time the order extending the redemption period was made, and changed economic conditions since that time are immaterial. The trial court erred in giving effect to the 1941 Law, but the court had jurisdiction to determine the validity of the act, and having such jurisdiction, its determination is binding upon these parties until reversed upon appeal.

The order appealed from is affirmed.

All the Judges concur.