**Wesley COCHRUN, Applicant and Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, Respondent and Appellee.**

**No. 15219.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 16, 1986.

Decided Dec. 10, 1986.

Robert Mayer, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steve Miller, Cummings Legal Clinic, P.C., Sioux Falls, for applicant and appellant.

FOSHEIM, Justice.

This appeal is from an order denying appellant Wesley Cochrun (Cochrun) habeas corpus relief. We affirm.

Cochrun was convicted in May, 1981, of distribution of 2.94 ounces of marijuana (Count I) and distribution of .18 ounces of hashish, a controlled substance (Count II). Cochrun was given penitentiary sentences of eighteen months on Count I and eight years on Count II. *State v. Cochrun*, 328 N.W.2d 271 (S.D.1983), affirmed this conviction. Only Count II is relevant to this appeal.

On May 28, 1983, Cochrun filed a petition for post-conviction relief under SDCL ch. 23A–34, which has since been repealed. The post-conviction trial court held that Count II fairly described a public offense, that it was not plain error for the trial court to fail to dismiss it, and that Cochrun's trial counsel was not ineffective for failing to challenge the validity of Count II. Cochrun's appeal of that decision to this court was summarily affirmed on April 15, 1985.

In July of 1985, Cochrun filed an amended application for a writ of habeas corpus. That application was originally granted. However, the State promptly filed a motion to quash the writ, contending the issues raised in the habeas corpus proceeding had been either (1) previously raised and finally decided in the post-conviction action and thereby barred by res judicata; or (2) barred by SDCL 21–27–16.1.[1]

Following a hearing, the trial court granted State's motion to quash the writ. This appeal is from that order.[2]

Cochrun concedes that some of the grounds now raised were litigated in the post-conviction hearing, but contends the trial court never addressed these claims:

1. There was a material and fatal variance between the proof and the allegations in the information.

2. Petitioner was convicted of an offense different than the one charged in the information.

---

1. SDCL 21–27–16.1 provides:
   All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

2. Cochrun's counsel on this appeal is different than that below.

3. The court lacked subject matter jurisdiction.

In February, 1981, when this offense was committed, marijuana was defined under SDCL 34–20B–1(10) as follows:

> [A]ll parts of any plant of the genus cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin; but shall not include fiber produced from the mature stalks of such plant, or oil or cake made from the seeds of such plant.

*See also* SDCL 22–42–1 (1979 Revision). At the time of this offense, hashish was not defined by statute, but was listed as a Schedule I controlled substance. SDCL 34–20B–14. The maximum penalty for a hashish violation was ten years' imprisonment. SDCL 22–42–2 and SDCL 22–6–1(5). The State's chemical expert, Mathison, testified at both the criminal trial and at the habeas corpus proceeding. At the criminal trial, he testified that hashish is the substance resulting from an attempt to concentrate the resin found in the marijuana plant into a more potent and compact form. He further testified that the exhibits relating to Count II contained hashish.

Cochrun now argues that the language "made from the stalk or seeds of a marijuana plant" in the information was the State's definition of hashish and that the State was required to prove that the substance Cochrun distributed fit that description. Cochrun claims that under the statutory definition at the time of the offense resin from the marijuana plant was classified as marijuana.

As noted, the chemist testified that hashish is essentially a derivative of marijuana. Until the resin found in the marijuana plant is concentrated into a more compact and potent form, it remains marijuana. Once concentrated, however, it becomes hashish. The trial court correctly found that the question of inadequate definition of hashish was raised by appellant in the post-conviction proceedings. It was considered there by the trial court and by this court in an appeal.

A broadened habeas corpus chapter has replaced the repealed post-conviction statutory remedy. *See* SDCL ch. 21–27. The res judicata doctrine applies to habeas corpus proceedings. *Ex Parte Scott,* 1 Dak. 135, 46 N.W. 512 (1875). *In Ex Parte Watt,* 73 S.D. 436, 448, 44 N.W.2d 119, 125 (1950), we reaffirmed this concept: "'If a final adjudication upon a habeas corpus [application] is not to be deemed res judicata, the consequences will be lamentable. This favored writ will become an engine of oppression, instead of [a] writ of liberty.'" (quoting *Mercein v. People,* 25 Wend. 63, 98, 35 Am.Dec. 653, 662 (N.Y.1840)).

It is settled law in South Dakota that a judgment subject to res judicata "constitute[s] an absolute bar against the prosecution, not only of every claim or demand therein in controversy, *but also of all other admissible matters that might have been offered to sustain or defeat such claims or demands.*" *Schell v. Walker,* 305 N.W.2d 920, 923 (S.D.1981) (emphasis added) (citing *Golden v. Oahe Enterprises, Inc.,* 90 S.D. 263, 240 N.W.2d 102 (1976); *Chicago and North Western Ry. v. Gillis,* 80 S.D. 617, 129 N.W.2d 532 (1964); *Ramsey Tp., McCook County v. Lake County,* 68 S.D. 67, 298 N.W. 356 (1941); *Keith v. Willers Truck Service,* 64 S.D. 274, 266 N.W. 256 (1936)). We believe the claims now urged by Cochrun were specifically presented to the court in his post-conviction proceeding; but even if they were not, it is clear that all claims now urged could then have been offered to sustain Cochrun's demands and are therefore barred by the doctrine of res judicata. In view of this conclusion, we do not reach the dual ground alleged for dismissal under SDCL 21–27–16.1.

The trial court's order quashing the writ of habeas corpus is affirmed.

WUEST, C.J., and SABERS, J., concur.

MORGAN and HENDERSON, JJ., concur in part and dissent in part.

HENDERSON, Justice (concurring in part, dissenting in part).

We here concern ourselves with a state statute, SDCL 21–27–16.1, and how it applies.

I direct your attention to the last portion thereof: "[U]nless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application." Now, that is the state law. We must abide by it.

## CONCEPT ONE

If the grounds for relief are identical (in any given case or in this case) to those in the post-conviction action, the doctrine of res judicata applies.

## CONCEPT TWO

Obviously, if the grounds for relief are dissimilar, the doctrine of res judicata does not apply.

## CONCEPT THREE

Review the last phrase of this statute (which I have set forth above). If the circuit court finds grounds for relief for "reasonable cause" because of (a) omission in a previous application or having been (b) "inadequately raised," there is an exception to finality of the first adjudication, namely, a "supplemental or amended application." Hence, if the circuit court makes such a finding based upon a meritorious showing, the res judicata argument of South Dakota and SDCL 21–27–16.1 simply cannot coexist. Our Supreme Court, by a decision, cannot destroy this state law. We should not unmake that which the Legislature has made barring, of course, an unconstitutional act. *County of Tripp v. State*, 264 N.W.2d 213 (S.D.1978).

## CONCEPT FOUR

Therefore, although I agree with the majority on the merits of this case, I cannot accede to the language (obiter dicta) contained in the last paragraph of this opinion. In light of this express statute which contains a simple declaration of legislative intent, the litany of res judicata and collateral estoppel cases found in said paragraph are inapposite. Those civil cases are repugnant to the statute which is the cornerstone/corpus of the very issue before us. As we expressed in *State v. Nagel*, 279 N.W.2d 911, 915 (S.D.1979): Look to "the language of the act in connection with its manifest purpose and design." And—this—the majority opinion fails to do. To the contrary, it eradicates legislative intent. Respectfully, therefore, do I dissent to the latter substantive holding which I deem totally unnecessary to this Court's decision.

I am hereby authorized to state that Justice MORGAN joins in this concurrence in part and dissent in part.