558 F.2d 509
 77-2 USTC P 9549
 Daniel M. PILLA, Appellant,
v.
Donald C. ALEXANDER, C. D. Switzer, Director of Internal
Revenue Service, and the United States of America, Ronald A.
Mills, James L. Wilson, Clarence F. Lauth, Jr., William G.
Tschida, Agents of Department of Internal Revenue Service,
Ray Davis Lock Smith Co., Appellees.
 No. 76-2101.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 18, 1977.
Decided July 22, 1977.
 
 Daniel M. Pilla, pro se.
 Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Ann Belanger Durney and James E. Crowe, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., and Robert G. Renner, U.S. Atty., Minneapolis, Minn., for appellees.
 Before LAY, BRIGHT and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel Pilla appeals from the district court's[1] entry of summary judgment in favor of the government and denial of his motion to convene a three-judge court. Appellant primarily challenges the constitutionality of the seizure of his property pursuant to 26 U.S.C. § 6331[2] by Internal Revenue agents. Because the merits of appellant's claims have been resolved in prior litigation, we affirm.
 
 
 2
 Appellant has been a familiar litigant in federal court. The facts underlying this case are adequately set forth in United States v. Pilla, 550 F.2d 1085 (8th Cir. 1977), cert. denied, --- U.S. ----, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977), in which this court affirmed appellant's conviction pursuant to 26 U.S.C. § 7212(b) for unlawfully attempting to rescue property that had been seized by the Internal Revenue Service. The instant case represents the third civil action contesting the seizure of his property by IRS agents.
 
 
 3
 In the first case, appellant requested a three-judge court pursuant to 28 U.S.C. §§ 2282 and 2284 to declare unconstitutional all parts of the Internal Revenue Code of 1954, including 26 U.S.C. § 6331, that enable IRS agents to seize property without a court order. He sought declaratory and injunctive relief. The claim for injunctive relief was dismissed for lack of subject matter jurisdiction. The district court determined that the injunctive request was barred by 26 U.S.C. § 7421(a), which prohibits suits to restrain the assessment or collection of taxes. The court also concluded that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not permit declaratory judgments with respect to federal taxes. For these reasons, the district court denied the request to convene a three-judge court.[3] No appeal was taken.
 
 
 4
 In the second case, appellant sought compensatory and punitive damages for the allegedly unlawful seizure of his property. The district court, upon consideration of uncontroverted affidavits submitted by the IRS agents, found that the agents were acting within the scope of their employment and with the good faith belief that their actions were lawful. Accordingly, the court granted the government's motion for summary judgment. Again, Pilla did not appeal.
 
 
 5
 In the instant case, appellant repeats his allegation that IRS agents unlawfully entered his business premises and seized his property. His complaint requests compensatory damages, an injunction, a declaratory judgment and the convention of a three-judge court. As in his first civil action and in the criminal case, appellant contends that the levy statute, 26 U.S.C. § 6331, is unconstitutional. In addition, he maintains that 26 U.S.C. §§ 7421, 7422, and 28 U.S.C. § 2201 are unconstitutional to the extent they interfere with access to the courts.
 
 
 6
 The district court, in granting summary judgment in favor of the government, concluded that appellant's claims are barred under the doctrine of res judicata because "plaintiff is still complaining of the same alleged violation of his rights arising out of the seizure of his printing equipment." The district court also denied the motion to convene a three-judge court on the ground that the claims are insubstantial. This appeal followed.
 
 
 7
 Appellant contends the district court erred in denying his request to convene a three-judge court to rule on the constitutionality of 26 U.S.C. §§ 6331, 7421, 7422 and 28 U.S.C. § 2201. The essence of appellant's complaint in the instant case, as in the prior litigation, is that IRS agents unlawfully entered his business establishment and seized his property, and particularly, that section 6331 is unconstitutional.[4] Because appellant has raised analogous claims in two prior civil proceedings, we conclude he is barred under the doctrine of res judicata from litigating matters that were or might have been raised in earlier suits. See Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Hanson v. Hunt Oil Co., 505 F.2d 1237, 1239-41 (8th Cir. 1974). For the same reason, he has not presented a substantial federal constitutional question, and a three-judge court need not be convened.
 
 
 8
 Furthermore, in appellant's criminal case, United States v. Pilla, supra, 550 F.2d at 1092, this court stated:
 
 
 9
 The defendant's argument boils down to the proposition that 26 U.S.C. § 6331 is unconstitutional because it permits a seizure of property without prior judicial proceedings. That argument has been out of date since the Supreme Court decided Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), more than forty-five years ago. See Fuentes v. Shevin, 407 U.S. 67, 90-92, 92 S.Ct. 1283, 32 L.Ed.2d 556 (1972); Kalb v. United States, 505 F.2d 506, 510 (2d Cir. 1974); and Tavares v. United States, 491 F.2d 725 (9th Cir. 1974), cert. denied, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975).
 
 
 10
 On January 12, 1977, following the decision in United States v. Pilla, supra, 550 F.2d at 1085, the Supreme Court decided G. M. Leasing Corp. v. United States, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977), in which G. M. Leasing Corporation sought, inter alia, damages arising from the levy and seizure pursuant to section 6331 of assets by IRS agents who conducted a warrantless entry into the corporation's business premises. The Supreme Court held[5] that the warrantless entry into the privacy of the corporation's office was violative of the Fourth Amendment and, in order to determine entitlement to monetary damages, remanded for consideration of whether the IRS agents acted in good faith. 97 S.Ct. at 628-33.
 
 
 11
 Subsequently, this court had the opportunity to reconsider the Pilla decision in light of G. M. Leasing and, on March 15, 1977, denied appellant's motion for rehearing and rehearing en banc. Appellant's petition for certiorari was denied by the Supreme Court on June 20, 1977.
 
 
 12
 The merits of appellant's constitutional challenge to the seizure of his property have been decided in his criminal case.[6] Moreover, in a prior civil case from which appellant did not appeal, the district court found that the IRS agents were acting within the scope of their employment and with the good faith belief that their actions were lawful. Cf. G. M. Leasing Corp. v. United States, supra, 97 S.Ct. at 619. The issues raised in the instant case have been fully heard and resolved during earlier litigation.
 
 
 13
 Affirmed.
 
 
 
 [1]
 The Honorable Earl R. Larson, United States District Judge for the District of Minnesota
 
 
 [2]
 Section 6331(a) authorizes collection of taxes "by levy upon all property and rights to property" belonging to a person who "neglects or refuses to pay" any tax "or on which there is a lien * * * for the payment of such tax."
 
 
 [3]
 The court suggested that the correct procedure for appellant to follow would be to pay the tax deficiency, file a claim for refund pursuant to 26 U.S.C. § 7422(a), and proceed with an action against the United States pursuant to 28 U.S.C. § 1346(a)(1). Section 7422 precludes a civil action unless a claim for refund has been filed
 
 
 [4]
 In this case, appellant has also claimed that the IRS agents failed to appraise and set aside $250 worth of exempt business property pursuant to 26 U.S.C. § 6334(a)(3) and (b). The record reflects that appellant was permitted to remove certain property from the building after the levies were served, and he has not raised any previous objection to lack of appraisal. Furthermore, this court in United States v. Pilla, supra, 550 F.2d at 1091-92, noted that the seizure complied with prescribed procedures
 
 
 [5]
 The Supreme Court declined to review the question of the validity of the levies placed during the unlawful entry and accepted the Tenth Circuit's determination that the levies were valid. Citing Phillips v. Commissioner, 283 U.S. 589, 596-97, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), and its progeny, the Court reaffirmed that the statutory system under which taxes may be collected summarily meets the requirements of due process as long as there is an adequate opportunity for a post-seizure determination of the taxpayer's rights. 97 S.Ct. at 628
 
 
 [6]
 Because the substantive basis for the complaint has been resolved, we need not consider appellant's additional claims concerning the constitutionality of "jurisdictional" statutes, such as 26 U.S.C. §§ 7421, 7422, and 28 U.S.C. § 2201