CARLOCK, Administrator, Respondent, v. LOYD, Appellant.

(181 N. W. 835.)

(File No. 4772.    Opinion filed March 10, 1921.    Rehearing denied
                            May 11, 1921.)

1.  **Actions—Parties—Res Judicata—Corporation Accounting Suit
    Against Administrator, Judgment Re, Whether Corporation
    Stockholder—Secretary Directing Suit, Verifying Complaint,
    A Party, Whether Bound, Estopped, By Judgment.**

    Where L, a stockholder in and secretary of a corporation,
    verified a complaint in a suit by the corporation against the
    administrator of the estate of S, deceased, (S having in his
    lifetime been manager of the corporation,) for an accounting
    re the corporate transactions carried on by such manager, and
    employed the attorney to begin the suit and to whom he de-
    tailed the alleged facts; such complaint alleging substantially
    the same facts set forth in the answer in a present suit by the
    administrator upon a promissory note made by L, to-wit: in
    substance that such note was given to S upon an understanding
    between L and him that if L would give the note S would
    take up an outstanding corporation note given to a bank and
    would hold the note now in suit as collateral thereto, S to
    repay himself out of earnings of the corporation for the amount
    so advanced by him, that S collected and appropriated to his
    own use corporate money in excess of the amount necessary
    therefor, by reason of which the note in suit was paid; the
    prayer for judgment in each case being that administrator
    account for all moneys received disbursed by S as such manager
    and that the balance in administrator's hands be first applied
    in payment of said note; L having also brought from another
    state and paid one witness in said former suit; held, that
    while strictly parties to a judgment are those only named as
    such in the record and served with process or entering ap-
    pearance, yet the term "parties," within meaning of the rule
    making prior judgments conclusive on such, includes all di-
    rectly interested in its subject matter and who may make de-
    fense, control the proceedings, examine and cross-examine
    witnesses and appeal from the judgment; and one not tech-
    nically a party to a prior judgment may have been so con-
    nected therewith by interest in result of the litigation and by
    active participation therein as to be bound thereby.    Under
    said rule S was a party to said prior suit and litigation, and
    was estopped by the judgment therein as to any questions
    actually litigated and decided therein.

2.  **Same—Finding in Former Suit Re Corporate Manager's Indebt-
    edness to Corporation, Additional Finding of Insufficient Evi-**

dence for Application of Amount Due to Note in Present Suit, Effect as Res Judicata—Additional Finding That Note Maker Not Party to Original Suit, Effect—Admission of Former Judgment Roll, Non-Prejudicial to Note Maker—His Non-right to Prove Greater Amount Due From Manager.

Where, in a former suit by a corporation against the administrator of the estate of S who in his lifetime was manager of the corporation, for an accounting, there were findings of administrator's indebtedness to corporation receiver in a specified sum (though less than the amount of the note in the present suit,) and additional finding of insufficient evidence to justify finding that the moneys so found due should be applied on L's note to S, such finding ending "and the holder of the note and Loyd not being parties to this action this question should not be determined by the referee," judgment being entered in favor of receiver for said sum; held, that said adjudication as between the corporation and the administrator of decedent was one that this particular fund had not been and should not be applied on said note. Held, further, that for reasons hereinbefore stated, L was also bound by that adjudication, and could not thereafter impeach said judgment by offering proof that during S's management there had been in his hands sufficient funds to satisfy the note; hence it was unnecessary to introduce in evidence the judgment roll in the former suit; its introduction was not prejudicial error in the present action, if error it was.

3. Appeals—Actions—Limitations, Statute of as Defense, Non-Showing of Record Re Date of Suit, Non-Adjudication of Question on Appeal—Court Rule

Where record on appeal fails to show date of commencement of suit, Supreme Court will not pass upon question of applicability of statute of limitations, set up in defense; following Supreme Court Rule 5, 40 S. D. 4, 170 N. W. VIII.

Whiting, J., dissenting.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by W. B. Carlock, as administrator with the Will Annexed of the Estate of Vic. H. Stevens, Deceased, against L. Q. Loyd, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*J. L. Hannett,* and *J. L. Hannett, Jr.,* for Appellant.

*French, Orvis & French,* for Respondent.

(1)   To point one of the opinion, Respondent cited: 2 Black on Judgments, Secs. 539, 540.

GATES, J.   Action on a promissory note in the sum of $2,928.40; defense, payment and the statute of limitations. Defendant was a stockholder and secretary of the Gregory Light and Power Company, hereinafter called the corporation. Plaintiff's testator, Stevens, was employed as manager. The corporation was then indebted to a bank in the same amount as the face of the note in suit, which was evidenced by a note signed by defendant and others. The bank was urging payment. Stevens agreed to take up that note if Loyd would give him the note in suit. This was done. Stevens sold the note in suit and with the proceeds took up the note to the bank. The note in suit was afterwards presented as a claim against Stevens' estate and was allowed and paid. It was alleged in Loyd's answer that the note in suit was given upon the understanding that, if Loyd would give it, Stevens would purchase and take up the note given to the bank and would hold the note in suit as collateral thereto; that it was agreed that Stevens should repay himself out of the earnings of the corporation for the amount advanced by him to purchase the note to the bank; that Stevens did collect and appropriate to his own use money belonging to the corporation far in excess of the amount necessary therefor; and that by reason thereof the note in suit was paid. Two witnesses testified that they heard Stevens tell defendant that he had enough of the earnings of the corporation to pay off the note in suit and that he would "bring it over." On the other hand, the judgment roll in an accounting action brought by the corporation against the administrator of Stevens' estate showed that at the time of Steven's death he had funds of the corporation in his possession in the sum of $2,470.44, a sum less than the face of the note in suit, and judgment was entered therefor in favor of the receiver of the corporation. The judgment roll in still another action, a foreclosure suit brought against the administrator and the receiver of the corporation, showed that the proceeds of the judgment in the accounting action were applied in part payment of a note and mortgage held by the administrator against the corporation. The trial court directed a verdict for plaintiff. From the judgment and order denying a new trial defendant appeals.

Appellant claims: (a) That the judgment rolls above referred to were inadmissible in this action; (b) but, if admissible, the trial court should not have directed the verdict in view of the contrary testimony; and (c) that the statute of limitations barred respondent's right of recovery.

[1] Was Loyd, the defendant in this action, so interested in the subject-matter of the litigation between the corporation and Stevens' administrator in the action for accounting that he may be said to be a party to the litigation? It appears that he was a stockholder and secretary of the corporation; that he employed the attorney to begin that action; that he detailed the alleged facts to such attorney and from such facts the attorney dictated the complaint. It appears that Loyd verified the complaint stating the facts therein alleged to be true of his own knowledge. It appears also that the complaint in that action alleged substantially the same facts that are alleged in the answer in this case with reference to the note here sued on, and that he claimed in that case, as in this, that Stevens, as manager of the corporation, had received and appropriated to his own use moneys of that company in excess of all expenses more than sufficient to pay the note here sued on. It also appears that the prayer for judgment in that case asked that the administrator account for all moneys received and disbursed by Stevens as manager of the corporation, and that the balance of moneys in the hands of the administrator be first applied in payment of that note. It also appears that in that action Loyd brought from Omaha and paid one witness at his own expense. In 15 R. C. L. 1009, we find the following:

"In the strict sense of the term parties to a judgment or decree, in the eye of the law, are those only who are named as such in the record, and are properly served with process, or enter their appearance, but the term 'parties,' within the meaning of the rule making prior judgments conclusive on such, has been held to include all who are directly interested in the subject-matter of a suit and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment, and a person, though not technically a party to a prior judgment, may nevertheless have been so connected with it by his interest in the result of the litigation, and by his active partici-

pation therein, as to be bound by such judgment. The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceedings or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

Judged by that rule, which we deem sound and wholesome, the defendant, Loyd, was a party to that litigation.

[2] What was adjudged by that litigation? It was found that Stevens' administrator was indebted to the receiver of the corporation in the sum of $2,470.44; that being the difference between the receipts and disbursements of the corporation during Stevens' management. There was also this finding of fact:

"That there is not sufficient evidence in this record to justify a finding that the moneys remaining in the hands of the administrator of the estate of Victor H. Stevens belonging to the Gregory Light & Power Company, as set forth in the foregoing findings of fact, should be applied upon a certain note given by Mr. Loyd to the said Victor H. Stevens; and, the holder of the note and Loyd not being parties to this action, this question should not be determined by the referee."

Thereupon judgment was entered in favor of the receiver and against the administrator for said sum.

This was an adjudication as between the corporation and the administrator of the deceased that this particular fund had not been and should not be applied on the note given by Loyd. For the reasons above given Loyd was also bound by that adjudication. Therefore he could not thereafter impeach the judgment in the accounting action by offering proof that at some time during Stevens' management there had been in Stevens' hands sufficient funds to wipe out the Loyd note. It was therefore unnecessary to introduce in evidence the judgment roll in the foreclosure suit. It was immaterial to the question of plaintiff's recovery in this suit. Therefore it was not prejudicial error to receive in

evidence in this action the judgment roll in the foreclosure suit, if error it was.

[3] We cannot pass upon the question as to the applicability of the statute of limitations for the reason that it nowhere appears from appellant's abstract of record when this action was begun. Supreme Court Rule 5 (40 S. D. 4, 170 N. W. viii).

The judgment and order appealed from are affirmed.

· WHITING, J. (dissenting.) If in the accounting case it had been found that there had been no agreement such as alleged by Loyd, such finding would have been conclusive against Loyd, and the evidence introduced upon the trial of this case to prove the contrary would have been incompetent. The referee, however, refused to make such finding in that case, but expressly left the question of Loyd's rights against Stevens open. In the present case it stands absolutely undisputed that there existed an agreement between Stevens and Loyd, under which Stevens was to apply upon the $2,900 corporation note all the moneys of such corporation that came into his hands, over and above those needed for carrying on the business of such corporation.

The only thing adjudicated in the accounting case that is in any way material to this case was that at the time Stevens ceased to be manager of the corporation, there remained in his hands of the moneys of such corporation over and above what he had paid out in the management thereof, the sum of $2,470.44. It seems to me that it is beyond question that, under such finding in the accounting case, Loyd would be entitled to a credit on his note in the amount of $2,470.44 as of the date when Stevens quit the management of the corporation, because, as between Stevens and Loyd, the collateral obligation became reduced in said amount whether or not Stevens had actually applied it, as he should have done, to the note which he held against the corporation. When Stevens or his administrator neglected in the accounting case to seek the proper application of such money, such failure could in no manner affect Loyd's rights because, as to him, the moneys represented in the accounting judgment had constituted payments on the $2,900 note as they had been received by Stevens.

Therefore it seems to me that the only question is whether, by oral testimony, Loyd had a right to prove total payment, or

whether the credit he was entitled to was limited to the above balance in Stevens' hands when he ceased to be manager of the corporation. Under his agreement with Loyd he was not to credit upon the note the balance in his hands at the time he should cease to be manager; but he was to make the credits whenever there were moneys in his hands not needed to pay running expenses. Suppose that at some time prior to the time when Stevens ceased to be manager he had in his hands $4,000 of net profits. As between him and Loyd the $2,900 note would then be paid and with it Loyd's collateral note. If after that misfortune overtook the corporation and $4,000 or even more were lost, it would not restore Stevens' claim against Loyd. Loyd had therefore the right to show that he was entitled to a greater credit than the amount remaining in Stevens' hands when he ceased to be manager. There were two methods of proof open to Loyd: He could have gone into the books kept by Stevens and have proven the various sums which, from time to time, Stevens had on hand over and above the running expenses, or he could, as he saw fit to in this case, offer proof of the admissions of Stevens. It stands uncontroverted that Stevens admitted at various times that he had received payments entitling Loyd to the return of his note. A verdict should have been directed for Loyd.