**Robert E. HANSON, Appellant,**

v.

**HUNT OIL COMPANY, a foreign corporation, Appellee.**

**No. 74–1243.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Nov. 22, 1974.

Albert A. Wolf, Wheeler, Wolf, Wefald & Durick, P. C., Bismarck, N. D., for appellant.

Thomas A. Mayer, Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, N. D., for appellee.

Before VOGEL, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

In this diversity action Robert E. Hanson appeals from a final judgment dismissing his complaint upon motion of the defendant Hunt Oil Company (Hunt). Prior to this dismissal the trial court struck portions of the complaint and rejected Hanson's offer of proof on these portions on the grounds of res judicata. When Hanson offered no proof as to the remaining allegations in the complaint the court dismissed it.

The trial court held that the offer of proof and the portion struck from the complaint in the present case represent a cause of action essentially the same as another cause of action which had been finally adjudicated adversely to Hanson in a prior case litigated in the same court by the same parties. In that earlier case the court found for the defendant, dismissed the complaint and entered judgment for the defendant

on its counterclaim. This judgment was affirmed on appeal. Hanson v. Hunt Oil Co., 438 F.2d 690 (8th Cir. 1971). The controlling issue in this current appeal, therefore, is whether the trial court properly applied the doctrine of res judicata to strike portions of the complaint and to reject the offer of proof. We hold that it did and affirm.

On August 24, 1961, Hanson entered into a letter agreement and unit agreement with Hunt whereby three producing oil wells in North Dakota in which he had a working interest became part of a unitization project known as the North Tioga-Madison Unit. A controversy subsequently developed between Hanson and Hunt, the operator of the unit, as to the meaning of that portion of the letter agreement dealing with the manner in which Hanson was to repay, out of the production of his wells, certain sums advanced by Hunt to Hanson to offset costs of unitization incurred by Hanson. Hanson brought an action in the district court, but his complaint was dismissed. This Court reversed and remanded, holding that the trial court had erred in not admitting parol evidence to support Hanson's claim for reformation of the contract and in not allowing Hanson to amend the complaint to more clearly state his reformation claim. Hanson v. Hunt Oil Co., 398 F.2d 578, 581–582 (8th Cir. 1968).

Upon remand, the trial court allowed the amendment and held a trial to the court in which parol evidence was admitted. The case was heard and considered along with another related action in which Hunt Industries sued Hanson to recover under a gasoline plant contract executed by Hanson with Hunt Industries in connection with the unitization. The court then entered judgment denying Hanson the prayed for reformation and awarding Hunt $19,634.38 on its counterclaim for Hanson's share of expenses incurred in operating the unitized oil field. In the second case the court awarded Hunt Industries $40,295.85 for Hanson's share of the cost of the operation of the gasoline plant. On appeal this Court affirmed these judgments. Hanson v. Hunt Oil Co., 438 F.2d 690 (8th Cir. 1971).

The instant action was then commenced by Hanson. In it he alleges that Hunt wrongfully destroyed his wells and eliminated them from production while contending that the payment formula in the letter agreement was on the basis of actual production of these wells (the interpretation approved by the court in the earlier action). Additionally, Hanson prays for an accounting and for compensatory and exemplary damages.

The trial court struck those portions of the complaint which appeared to challenge the validity of the 1961 agreement and which alleged that Hunt had not performed in accordance with that agreement. The court specifically advised the parties that the issues were limited to: (1) negligent misconduct discovered after December 31, 1969 (the cutoff date for the accounting in the previous action); (2) deliberate misconduct discernable after December 31, 1969, and not discernable before, which destroyed the wells; (3) accounting after December 31, 1969; (4) damages. Since the proof offered by Hanson went to the validity of the agreement and alleged wrongful acts prior to December 31, 1969, it was rejected. Hanson refused to offer further proof as to conduct subsequent to December 31, 1969, and the trial court dismissed the action.

The doctrine of res judicata is well established and provides simply that

when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195.

Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). *See also* Pepper v. Bankers Life and Casualty Co., 414 F.2d 356, 357–358 (8th Cir. 1969); Towle v. Boeing Airplane Co., 364 F.2d 590, 592 (8th Cir. 1966); 1B J. Moore, Moore's Federal Practice ¶ 0.405[1] (2d ed. 1965). This doctrine is followed by the North Dakota courts also. Robertson Lumber Co. v. Progressive Contractors, Inc., 160 N.W.2d 61, 76–77 (N.D.1968), appeal dismissed sub nom., Continental Casualty Co. v. Robertson Lumber Co., 394 U.S. 714, 89 S.Ct. 1951, 22 L.Ed.2d 671 (1969); Knutson v. Ekren, 72 N.D. 118, 5 N.W.2d 74, 77 (1942).

Hanson, however, argues that the doctrine is not applicable here because the instant lawsuit does not present the same cause of action as the prior one and "[a]s a general proposition, the conclusive effect of res judicata is limited to the same cause of action." 1B J. Moore, *supra,* ¶ 0.410[1], at 1151.

■ Various tests have been advanced for determining what constitutes a cause of action for res judicata purposes. Some of these are:

> whether the same right is infringed by the same wrong; whether "there is such a measure of identity that a different judgment in the second [action] would destroy or impair rights or interests established by the first" judgment; identity of grounds; whether the same evidence would suffice to sustain both judgments.

1B J. Moore, *supra,* ¶ 0.410[1], at 1158 (footnotes omitted). This Court has stated more broadly that "[i]n the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions." Woodbury v. Porter, 158 F.2d 194, 195 (8th Cir. 1946).

Professor Moore has summarized the broad approach to this question taken by leading authorities and gives the rationale therefor in the following language:

> Courts and the public have an interest, in addition to that of litigants, in a sound application of res judicata to the end that there be stability in a final judgment rendered on the merits and that repetitive litigation be avoided. In the main, a broad and practical concept of "cause of action" will best promote that interest, at least whenever the forum, such as the federal, has a procedure which enables a claimant to put forward all grounds, and a defendant all defenses, whether these grounds or defenses be legal and/or equitable and whether they be consistent or inconsistent.

1B J. Moore, *supra,* ¶ 0.410[1], at 1163 (footnote omitted). *See* Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 469–470 (3d Cir. 1950), cert. denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951); Wilson Cypress Co. v. Atlantic Coast Line R. R., 109 F.2d 623, 627 (5th Cir.), cert. denied, 310 U.S. 653, 60 S.Ct. 1101, 84 L.Ed. 1418 (1940).

■ We agree with this broad approach and believe that insofar as Hanson's complaint and offer of proof sought to relitigate matters concerning interpretation of the letter agreement and performance by Hunt under that agreement and the unit agreement prior to December 31, 1969, it was essentially the same cause of action as had been previously litigated and was barred by res judicata. In substance the causes are the same, even if the form is different. *See* Wilson Cypress Co. v. Atlantic Coast Line R. R., *supra,* 109 F.2d at 627.

Analysis of the pleadings and judgment in the prior case reveals that the principal thrust of the litigation was on the issue of reformation of the 1961 letter agreement. However, the complaint also alleged destruction of one of Hanson's wells and evidence on this issue was introduced at the trial. Additionally, the complaint prayed for an accounting. Hunt's counterclaim sought recovery for Hanson's proportionate share of operating costs of the unitized

field, while the action brought by Hunt Industries sought recovery for Hanson's proportionate share of the costs of operating the gasoline plant. Exhibits introduced at the prior trial included a complete breakdown of all proceeds derived from the wells in question including the amount of actual production, the amount and manner of the allocation of proceeds, credits taken, assessment of operating costs, interest on unpaid operating costs and the payments and the recoupment from unit production and gasoline plant income of the loan to Hanson, along with the interest thereon and a portion of the operating costs. All of these items were part of the final accounting between the parties which was approved by the trial court.

The court not only refused to reform the contract, but made a specific finding of fact that "the Defendant's [Hunt's] actions with respect to the accounting and allocation of income to the Plaintiff's [Hanson's] account were in accordance with the intentions of the parties and their agreement." One of the court's conclusions of law was that "the Defendant, Hunt Oil Company, has complied with the provisions of the agreement and has acted in accordance with the intentions of the parties and the agreement."

From the foregoing it can be seen that the previous action raised or should have raised every matter concerning the interpretation of the contract and the operation of the field prior to the final accounting of December 31, 1969.

Those portions of the complaint struck by the trial court and the offer of proof in the present case attempt to raise anew questions concerning Hunt's operation of the field under the contract prior to the end of 1969. Although Hanson framed his complaint herein in terms of negligent and willful destruction of his wells and a failure to monitor actual production, this does not help him, for res judicata binds the parties "not only as to all matters litigated and determined by [the earlier] judgment, but also as to all relevant issues which could have been presented." Hudson v. American Surety Co., 377 F.2d 698, 699 (8th Cir. 1967). The previous litigation brought into question not only the interpretation of the contract but Hunt's operation of the field under that contract. The issues raised now concerning destruction of wells and monitoring actual production could have and should have been presented during that earlier litigation. Clarke v. Redeker, 406 F.2d 883, 885 (8th Cir.), cert. denied, 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 115 (1969).

For the foregoing reasons the judgment of the district court is affirmed.