**Barbara A. MELBOURN, d/b/a Melbourn's Florist, Plaintiff and Appellant,**

**v.**

**James BENHAM and Rita Benham, d/b/a Sunshine Realty, Defendants and Appellees.**

**No. 12591.**

Supreme Court of South Dakota.

Argued Sept. 12, 1979.

Decided May 21, 1980.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Robert C. Riter, Jr. of Riter, Mayer, Hofer & Riter, Pierre, for defendants and appellees.

DAVIS, Circuit Judge.

The complaint of the plaintiff and appellant, Barbara Melbourn, alleging breach of agency and fiduciary obligations by the Benhams in their capacity as real estate agents for Melbourn, prays for judgment of damages totaling $11,630.00. The Benhams counterclaimed, seeking some $5,225.00, plus interest, representing a commission alleged to be due them as the result of a listing contract entered into between Melbourn as seller and the Benhams as listing brokers for the sale of Melbourn's floral business.

The trial court concluded that plaintiff's cause of action as well as the Benhams' counterclaim hinged on but one material fact, whether the contract of sale entered into between Melbourn, as seller, and Blaseg and West, as buyers of the floral business, was valid and enforceable. Finding that the issue had been determined unfavorably to plaintiff in prior litigation, the trial court granted summary judgment in favor of the Benhams dismissing plaintiff's complaint and granting the Benhams' coun-

terclaim. The validity of that conclusion constitutes the issue presented by this appeal. We reverse and remand.

In August of 1975, Mrs. Melbourn signed a real estate listing agreement with the Benhams. The Benhams were thereby given a listing to sell Mrs. Melbourn's floral shop, "Melbourn's Florist," for a sale price of $150,000.00. The contract provided for a 5% commission to the Benhams in the event of a sale at the listed price "or for any price and terms I (we) may agree to accept

.　.　.　.

In January of 1976 an offer and agreement to purchase was entered into between Melbourn as seller and Kathy Blaseg and Catherine West as the buyers. This sales contract provided that the total sale price was to be $135,000.00, based in part upon inventory valued on the date of the contract at $46,930.00. The contract provided that the inventory figure was to be finally adjusted on the date of closing. Two thousand dollars earnest money was paid by the buyers to the Benhams, who to date still hold this money in a trust account.

At the time of closing, Blaseg and West valued the remaining inventory at $16,480.00, which resulted in a reduction of the total purchase price to $104,500.00. Mrs. Melbourn refused to close, insisting that the purchase price was $135,000.00.

This dispute gave rise to litigation between Blaseg and West and Mrs. Melbourn whereby Blaseg and West sought recovery for some $73,000.00 damages on a theory of breach of the sales contract. Upon a jury trial, a verdict was returned in favor of Blaseg and West in the amount of $11,630.35. No appeal was taken from that judgment. The entire record from that case was included as part of the settled record in this action. However, the record does not include the trial transcript.

Mrs. Melbourn admits in her brief that the *West* action collaterally estops her from raising two issues: (1) whether the sales contract between Melbourn and Blaseg and West was valid and enforceable, and (2) whether Mrs. Melbourn breached

that sales contract. Both issues were answered in the affirmative in the *West* action. Mrs. Melbourn was a party to that action and is therefore collaterally estopped from relitigating those two issues. *Peterson v. Nebraska Natural Gas Co.*, 204 Neb. 136, 281 N.W.2d 525 (1979); *Gottschalk v. South Dakota Real Estate Commission*, 264 N.W.2d 905 (S.D.1978); *Keith v. Willers Truck Service, Inc.*, 64 S.D. 274, 266 N.W. 256 (1936).

However, Mrs. Melbourn argues that res judicata does not completely bar this action which is based upon the listing agreement and the obligations flowing from agent to principal, rather than the sales contract which formed the basis of the cause of action in the earlier *West* suit. Further, Mrs. Melbourn asserts that even though collaterally estopped as to the two issues noted above, genuine issues of material fact exist under the allegations of the complaint.

The Benhams argue that both the doctrines of collateral estoppel and res judicata apply to bar the Melbourn suit. It is clear from the memorandum opinion and judgment entered by the trial court, however, that the decision was based upon an application of the doctrine of collateral estoppel. The trial court held that the jury findings in the prior action were binding upon Mrs. Melbourn. Since the *West* action determined that a valid sales contract existed and Mrs. Melbourn had breached the contract, the trial court found there remained no genuine issues of material fact and dismissed Mrs. Melbourn's complaint.

The trial judge correctly determined that res judicata does not apply to this action. The landmark case in South Dakota jurisprudence on the subject of res judicata is *Keith v. Willers Truck Service, Inc.*, supra. In discussing whether a prior suit was res judicata as to the issue of the defendant's negligence, the Court formulated the following rule:

> [F]irst, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as

it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different.

64 S.D. at 276, 266 N.W. at 257–258.

Although the Court did not draw a distinction between the doctrines of res judicata and collateral estoppel, it later noted in *Gottschalk v. South Dakota Real Estate Commission*, supra:

> The second principle of res judicata described in the *Keith v. Willers Truck Service*, supra, and *Golden v. Oahe Enterprises, Inc.*, supra, cases is quite often identified as "collateral estoppel."

264 N.W.2d at 908.

■ Res judicata bars a later suit that attempts to relitigate the same cause of action by the parties or one of the parties in privity to a party in the earlier suit. Collateral estoppel bars not the cause of action, but rather, relitigation of an essential fact or issue involved in the earlier suit.

In *Golden v. Oahe Enterprises, Inc.*, 240 N.W.2d 102 (S.D.1976), it was said that for purposes of res judicata, a cause of action is comprised of the facts which establish the right a party seeks to enforce through litigation. Citing *Hanson v. Hunt Oil Company*, 505 F.2d 1237 (8th Cir. 1974), the Court held that in determining whether a cause of action is the same, one has to determine whether the wrong for which redress is sought is the same for both actions.

Applying the foregoing principles, it is clear the prior *West* suit is not res judicata as to the present Melbourn action. Blaseg and West, as buyers, sought redress for the breach of a sales contract entered into between themselves and Mrs. Melbourn. In this present action, Mrs. Melbourn brings suit against her agents, the Benhams, for breach of their agency obligations as established by the listing agreement entered into

by them with Mrs. Melbourn. The wrong for which redress was sought in the *West* suit is not the same as the wrong for which redress is sought by Mrs. Melbourn in the present action.

Appellant admits in her brief that the jury decision in the *West* case collaterally estops her insofar as the issues of that case are concerned. The question, then, is whether any genuine issues of material fact remain, thereby precluding summary judgment against Mrs. Melbourn. Further, do any genuine issues of material fact remain precluding summary judgment in favor of the Benhams on their counterclaim.

A solution to these questions requires a determination of the precise issues settled in the *West* action and a similar determination as to the essential facts raised by the Melbourn complaint and the Benhams' counterclaim.

Both parties agree that the *West* action determined that a valid sales contract existed between Mrs. Melbourn and Blaseg and West. Both agree the jury found Mrs. Melbourn breached that contract.

In addition, the court's instructions 9 and 10 show that the jury in the *West* action also rejected Mrs. Melbourn's defense of mistake of fact as to what the term "inventory" meant as used in the sales contract.[1]

■ The Benhams argue that the validity of the sales contract having been established and Mrs. Melbourn's defense having been rejected, summary judgment as to their counterclaim was proper under either a res judicata or collateral estoppel doctrine.

Res judicata is inapplicable on the counterclaim since it is based upon an entirely different cause of action—breach of the listing contract. The *West* action was based upon a breach of sales contract and had nothing whatsoever to do with the Benhams' right to a commission. Since res judicata is inapplicable, Mrs. Melbourn is not barred from raising as a defense to the Benhams' counterclaim other matters which might have been, but were not, offered for the same purpose in the prior litigation.[2]

Specifically, Mrs. Melbourn alleges in her reply that the Benhams breached their fiduciary and agency obligations to her and are thereby barred from recovery. Even if Mrs. Melbourn had attempted to raise this defense in the *West* suit, it would have been irrelevant in terms of Blasegs and Wests' cause of action. Therefore, though collaterally estopped to assert the invalidity of the sales contract or its breach, Mrs. Melbourn is entitled to litigate the issues of whether the Benhams breached the listing contract, and if so, whether the Benhams are entitled to the commission. Genuine issues of material fact exist, and summary judgment as to the counterclaim was improper.

■ Similarly, summary judgment as to Mrs. Melbourn's cause of action was also improper. While the sales contract was valid and Mrs. Melbourn did breach it, and while the question of mistake of fact as to the meaning of the term "inventory" has been settled, genuine issues of material fact still exist under the complaint which, if proven, would sustain a cause of action for breach of fiduciary and agency obligations by the Benhams. The complaint alleges, inter alia: that the Benhams relayed confidential information to Blaseg and West; that they acted on behalf of both buyer and seller without full disclosure; that they lied to Blaseg, West and their attorneys as to the extent of their agency authority; and

1. Instruction No. 9

    A contracting party is bound by an agreement to which he or she assents in absence of fraud, mistake, or undue influence, and she will not be heard to say that she did not intend to agree to its terms.
Instruction No. 10
You have heard testimony by the defendant to the effect that she did not understand the contract as did the plaintiffs. Before any mistake on her part may warrant cancellation of the contract, such must effect [sic] its substance and be more than a mere incident of the agreement. Further, it must not have arisen from want of such care as would be exercised by a person of reasonable prudence where the means of knowledge were readily accessible.

2. *Golden v. Oahe Enterprises, Inc.*, supra.

that the Benhams intentionally did these and other acts in violation of their obligations for the purpose of securing a commission.

Mrs. Melbourn's complaint and the Benhams' counterclaim state causes of action stemming from alleged breaches of the listing agreement. These are separate and distinct from the cause of action in the *West* case and raise separate and distinct issues that were not litigated in that prior action. Genuine issues of material fact still remain for determination on both the complaint and counterclaim.[3] Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings.

DUNN, MORGAN and FOSHEIM, JJ., concur.

WOLLMAN, C. J., dissents.

DAVIS, Circuit Judge, sitting for HENDERSON, J., disqualified.

WOLLMAN, Chief Justice (dissenting).

I would affirm the trial court's decision that appellant is collaterally estopped from maintaining the present action against defendants and that the same principle entitles defendants to summary judgment against appellant on their counterclaim.

The doctrine of mutuality should no longer be applied to bar one not a party, or in privity with a party, in the earlier litigation from applying the principles of res judicata and collateral estoppel. *Blonder-Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Bernhard v. Bank of America Nat. Trust & Savings Ass'n.*, 19 Cal.2d 807, 122 P.2d 892 (1942); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). Callen and Kadue, "To Bury Mutuality, Not to Praise It: An Analysis of Collateral Estoppel Af-

ter Parklane Hosiery Co. v. Shore," 31 Hastings L.J. 755 (1980).

As outlined by the Supreme Court of Colorado in the *Waitkus* case, supra, several tests must be met before the doctrine of collateral estoppel may be applied.

First, was the issue decided in the prior adjudication identical with the one presented in the action in question? Second, was there a final judgment on the merits? Third, was the party against whom the plea is asserted a party to the prior adjudication? And, fourth, did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?

517 P.2d at 399 (footnote omitted).

Notwithstanding appellant's ingenious attempt to cloak her action against defendants in terms of an alleged breach by defendants of their contractual obligation arising from the listing agreement and the fiduciary responsibility flowing from their position as real estate brokers, her claim can rise no higher against defendants than did her defense to the action brought against her by the Blasegs and Wests in the original action. The allegations set forth in appellant's complaint against defendants and her reply to defendants' counterclaim are nothing more than a reassertion, albeit it far more artfully drafted and specifically enumerated than were the allegations in her answer and counterclaim in the original action, of her claim that she was somehow mistaken or misled with respect to the valuation that was to be placed upon the inventory in her floral business. The jury in the Blaseg and West action rejected appellant's defense based upon fraud, mistake, undue influence, or lack of understanding. Appellant's present allegation that defendants breached their fiduciary and agency obligations to her would have constituted a matter of defense in the original suit with

3. The dissent suggests we are denying the Benhams offensive use of collateral estoppel because they were not a party, or in privity with a party, in the earlier litigation. On the contrary, our opinion explicitly recognizes their right to offensive use of the doctrine in accord with *Blonder-Tongue Lab., Inc. v. University of Illi-* nois Found., 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). We simply do not agree that no genuine issues of material fact remain for litigation.

respect to appellant's assertion that she signed the sales contract on the basis of fraud, mistake, undue influence, or lack of understanding. The same analysis applies with respect to the other allegations set forth in appellant's complaint and reply to defendants' counterclaim.

In my view of the case, then, the issue decided in the prior adjudication, i. e., the validity of the sales contract, was identical with the issue in the present action. Although appellant may allege breach by defendants of the listing agreement and of their fiduciary responsibilities to appellant, the ultimate issue is whether plaintiff entered into a valid, enforceable sales contract with the Blasegs and Wests, an issue that she herself now concedes she is estopped from relitigating. That the other three tests set forth in the *Waitkus* case, supra, are met is not subject to serious question.*

Likewise, I would affirm the trial court's holding that defendants are entitled to the offensive use of collateral estoppel to prevail upon their counterclaim. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). See Callen and Kadue, supra. Based upon the principles enunciated in that case, I see nothing basically unfair about permitting the offensive use of the doctrine in the circumstances of the present case.

Accordingly, I would affirm the judgment appealed from.

---

* Whether appellant's counsel in the Blaseg and West action (present counsel did not represent her in that action) adequately litigated the factual matters that appellant raises in her pleadings in the present action is irrelevant; appellant had a full and fair opportunity to litigate the issue of the validity of the sales contract in the prior action.