Monte D. SCHELL and Charlene L. Schell, Donald R. Thorson, Joan M. Thorson and Bertha M. Thorson et al., Plaintiffs and Appellants,

v.

Mildred WALKER, Treasurer of Pennington County, South Dakota, Defendant and Appellee.

No. 13082.

Supreme Court of South Dakota.

Submitted on Briefs, Feb. 17, 1981.

Decided May 27, 1981.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, and Gary L. Monserud of Banks & Johnson, Rapid City, for plaintiffs and appellants.

James H. Wilson of Wilson, Bottum, Olson, Goodsell & Nash, Rapid City, for defendant and appellee.

FOSHEIM, Justice.

This appeal is from an order dismissing several consolidated complaints. The dismissed actions were brought for recovery of taxes paid under protest. We affirm.

The order of dismissal was made on the face of the plaintiffs' pleadings, and rests on the record and the decision of this Court in *Knodel v. Board of County Commissioners*, 269 N.W.2d 386 (S.D.1978) (*Knodel*).

In 1975, the Pennington County Commissioners engaged the services of a professional appraisal company to develop a formula for the assessment of agricultural land in that county. The resulting assessment method utilized soil classes and crop production factors. The taxpayers complained to their local equalization boards and before the Pennington County Board of Equalization pursuant to SDCL 10–11–16 through 10–11–27. They appealed from the adverse rulings of the County Board of Equalization to the Circuit Court. The Circuit Court agreed with the taxpayers and entered a judgment voiding the assessment as to agricultural land. By this time, the 1976 assessment had been completed in the same manner as the 1975 assessment, and a similar judgment on the 1976 assessment was entered.

The two judgments were consolidated for appeal to this Court and culminated with our decision in *Knodel*, supra. Appellants refrained from paying their taxes pending the outcome of that appeal. After *Knodel* was decided in August, 1978, they paid their taxes under protest for the years 1975 through 1977 pursuant to SDCL 10–27–2.

In the meantime, the 1977 tax assessment had been conducted in substantially the same manner as the 1975 and the 1976 assessments. The issue before us now is whether the trial court was correct in deciding that plaintiffs are barred ·by the doctrines of res judicata or collateral estoppel from prosecuting this action because of their connection with *Knodel.* In *Knodel,* we said:

> There being no findings the director of equalization did not substantially comply with statutory mandates; that the land was assessed in excess of its true and full value; lacked uniformity; was discriminatory or that the tax levied was unjust or inequitable; the court could not reach the conclusion as a matter of law that the assessment was void. Noncompliance with mandatory statutes and excessive valuations are not sufficient findings to grant a taxpayer relief. Findings must specifically show that if there was noncompliance with statutory mandates, the tax levied was unjust and inequitable; if excessive, the value is in excess of true and full value, lacked uniformity in the same class or was discriminatory.

> These appeals fall within our scope of review. Wrong standards were applied by the trial court. The findings are not sufficient to support the conclusions on the judgments.

269 N.W.2d at 390.

The doctrines of res judicata and collateral estoppel are very close in nature, but quite different in effect. In *Keith v. Willers Truck Service,* 64 S.D. 274, 276, 266 N.W. 256, 257–58 (1936), we discussed those distinctions:

> First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. (Citation omitted.) Under the first rule the res which is judicata is the cause of action. Under the second, the res which may be judicata is the particular issue or fact common to both actions.

In *Gottschalk v. South Dakota State Real Estate Commission,* 264 N.W.2d 905 (S.D. 1978), we pointed out that the second test for res judicata as set forth in *Keith v. Willers Truck Service,* supra, was actually related to collateral estoppel.

> While res judicata prevents the relitigation of an issue of ultimate fact actually litigated or which could have been properly raised and determined therein, collateral estoppel only prevents the relitigation of issues *actually litigated and determined* in the prior proceedings.

264 N.W.2d at 908–09 (emphasis in original).

■ Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different, and parties nominally different may be, in legal effect, the same. In deciding who are parties for the purpose of determining the conclusiveness of prior judgments, the courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment that may be rendered. *Keith v. Willers Truck Service,* supra; *Carlock v. Loyd,* 43 S.D. 611, 181 N.W. 835 (1921).

■ It appears that most, if not all, of the appellants were also parties to the appeals in *Knodel.* Their interests were involved in both matters as rural Pennington County taxpayers seeking relief from the taxing authority. If not nominally the same, they are in legal effect the same parties.

■ It is settled in this state that for purposes of res judicata, a cause of action is comprised of the facts which establish or give rise to the right a party seeks to en-

force. *Golden v. Oahe Enterprises, Inc.*, 90 S.D. 263, 240 N.W.2d 102 (1976); *Carr v. Preslar*, 73 S.D. 610, 47 N.W.2d 497 (1951); *Jerome v. Rust*, 23 S.D. 409, 122 N.W. 344 (1909). In *Golden*, 90 S.D. at 276, 240 N.W.2d at 109, we noted with approval that a test employed by the United States Court of Appeals for the Eighth Circuit in *Hanson v. Hunt Oil Co.*, 505 F.2d 1237 (8th Cir. 1974), for determining whether a cause of action is the same for purposes of applying the res judicata doctrine is "'whether the wrong for which redress is sought is the same in both actions.'" *Hanson*, supra, at 1280, quoting *Woodbury v. Porter*, 158 F.2d 194, 195 (8th Cir. 1946); *See Melbourn v. Benham*, 292 N.W.2d 335 (S.D.1980).

■ The trial court compared the petition for appeal to Circuit Court in *Knodel* with the complaints underlying the instant actions and correctly concluded that they sought redress for the same alleged wrong. Likewise, the facts giving rise to the rights the parties seek to enforce are the same. Accordingly, for purposes of res judicata, the *Knodel* appeals and these complaints involve the same cause of action. When appellants paid the taxes under protest based on the assessments determined valid in *Knodel* and brought the present complaints, they were actually attempting to continue the original litigation. It follows that the *Knodel* judgments constitute an absolute bar against the prosecution, not only of every claim or demand therein in controversy, but also of all other admissible matters that might have been offered to sustain or defeat such claims or demands. *Golden v. Oahe Enterprises, Inc.*, supra; *Chicago and North Western Ry. v. Gillis*, 80 S.D. 617, 129 N.W.2d 532 (1964); *Keith v. Willers Truck Service*, supra; *Ramsey Tp., McCook County v. Lake County*, 68 S.D. 67, 298 N.W. 356 (1941). Although the 1977 assessment was not specifically involved in *Knodel*, it was, as noted above, conducted similarly to the 1975 and 1976 assessments, and the facts that give rise to the rights the parties seek to enforce are likewise similar.

Appellants contend, however, that their complaints in this action contain allegations not determined in *Knodel*. In response, appellee undertakes to document from the *Knodel* record where each of such claimed allegations were therein litigated. We are satisfied that if all of such allegations were not actually litigated in *Knodel*, they were nevertheless issues which could have been properly raised and determined therein. We conclude that the judgment in *Knodel* is res judicata with respect to these complaints.

The order of dismissal is affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

I was not a member of this Court when the *Knodel* decision was handed down. I must confess that I have great misgivings concerning the precedential language used in *Knodel*. Therefore, I cannot, carte blanche, accept the language of *Knodel* which is approved by this decision. The particular language that I find repugnant in *Knodel* is this statement: "Noncompliance with mandatory statutes and excessive valuations are not sufficient findings to grant a taxpayer relief." I believe that statement to be a dangerous recitation of law. It is an open sesame to administrative wrongdoing by a director of equalization. The findings of fact in *Knodel* were weak and this led to a demise of the taxpayer's cause. As I read *Knodel*, had the findings of fact been more explicit a different result might have prevailed.

As uncomfortable as I am with the language of *Knodel*, I join my colleagues in affirming the trial court feeling compelled to do so by the application of the doctrine of res judicata. In the instant suits, both the facts which establish the right the taxpayers seek to enforce and the wrongs they are seeking to redress are the same as those underlying *Knodel*.