669 F.2d 564
 MIDCONTINENT BROADCASTING COMPANY, a corporation, and South
Dakota Broadcasting Company, formerly Forum
Communications Company, a corporation, Appellants,
v.
DRESSER INDUSTRIES, INC., a corporation, Appellee.
 No. 81-1513.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1981.
Decided Feb. 4, 1982.
 
 1
 Ellsworth E. Evans (argued), Charles D. Gullickson, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for appellants.
 
 
 2
 Allan D. Vestal, Shuttleworth & Ingersoll, Cedar Rapids, Iowa, Harold C. Doyle, May, Johnson, Doyle & Becker, P. C., Sioux Falls, S. D., G. Alan Cunningham (argued), Robert L. Collins, Faegre & Benson, Minneapolis, Minn., for defendant-appellee Dresser Industries, Inc.
 
 
 3
 Before HEANEY and STEPHENSON, Circuit Judges, and DAVIES,* Senior District Judge.
 
 
 4
 RONALD N. DAVIES, Senior District Judge.
 
 
 5
 In this appeal by the plaintiffs we are asked to review and reverse the district court's[1] grant of defendant's motions for summary judgment in cases consolidated for purposes of hearing the motions.
 
 
 6
 In 1965 the plaintiffs, Midcontinent Broadcasting Company (Midcontinent) and Forum Communications Company (Forum)[2], both South Dakota broadcasting stations, formed Community Television Services, Inc. (Community) to own and operate a tower from which television signals would be broadcast for both plaintiffs.
 
 
 7
 Community entered into a contract with the defendant, Dresser Industries, Inc. (Dresser), to design, manufacture and erect the tower which became operational in 1967. In 1968 the tower collapsed when one of its supporting cables was clipped and severed by an airplane. Community again contracted with Dresser for the erection of a replacement tower which became operational in May of 1969. On January 11, 1975, the tower collapsed during a severe blizzard. In August of that year Community, as owner, commenced an action against Dresser seeking damages based on negligence, strict liability, implied and express warranty. Trial started November 26, 1976, and after dismissing the implied warranty count, the court submitted the matter to a jury which returned a verdict on December 12 finding Dresser not liable on the negligence and strict liability counts but in favor of Community on the express warranty count. After post judgment motions were denied, Community Television Serv. v. Dresser Ind., Inc., 435 F.Supp. 214 (1977), Dresser appealed.
 
 
 8
 While that appeal was pending, Forum on April 8, and Midcontinent on November 22, 1977, as the lessees, commenced separate actions against Dresser seeking damages for interrupted service due to the towers collapse based on negligence, strict liability, implied and express warranty.
 
 
 9
 After Community's judgment against Dresser became final, 586 F.2d 637 (8th Cir. 1978), the plaintiffs filed motions in their respective actions seeking partial summary judgment based on collateral estoppel/issue preclusion, contending that Dresser was foreclosed from relitigating its liability based on breach of express warranty, an issue fully adjudicated in the prior litigation. Dresser countered with cross-motions, contending that plaintiffs' actions were based on the same cause of action pursued by Community and, as privies of Community, their actions were barred by the doctrine of res judicata.
 
 
 10
 The district court denied Dresser's cross-motions, holding that while plaintiffs were in privity with Community through their relationship as lessees and lessor, as such their rights in the same property were divided and a wrong to each of these rights presented separate causes of action. The court then granted plaintiffs motions, holding that Dresser had a full and fair opportunity to litigate the issue of breach of express warranty in the prior litigation and was therefore estopped from relitigating it and only the question of damages remained to be tried. Midcontinent Broadcasting Co. v. Dresser Industries, 486 F.Supp. 858 (1980).
 
 
 11
 This Court declined to entertain Dresser's interlocutory appeal, certified pursuant to 28 U.S.C. § 1292(b), until the district court determined whether plaintiffs' breach of warranty actions were barred by the applicable South Dakota statute of limitations or Item 9 of the "Terms and Conditions of Sale" contained in the contract between Community and Dresser. The district court resolved both issues in Dresser's favor and the matter is again before us.
 
 
 12
 Under the principles of res judicata, a judgment on the merits in a prior suit bars a later suit involving the same parties or their privies based on the same cause of action. Montana v. United States, 400 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Melbourn v. Benham, 292 N.W.2d 335 (S.D.1980). See also Parklane Hosiery Co. v. Shore, 439 U.S. 322, n.5, 99 S.Ct. 645, n.5, 58 L.Ed.2d 552 (1979). For purposes of res judicata a cause of action is comprised of the facts which establish the right which a party seeks to enforce through litigation. In determining whether a cause of action is the same, one has to determine whether a wrong for which redress is sought is the same for both actions. Melbourn v. Benham, supra.
 
 
 13
 In deciding who are parties for the purpose of determining the conclusiveness or prior judgments, the courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment that may be rendered. Keith v. Willers Truck Service (64 S.D. 274, 266 N.W. 256 (1936) ); Carlock v. Loyd, 43 S.D. 611, 181 N.W. 835 (1921).
 
 
 14
 Schell v. Walker, 305 N.W.2d 920 (S.D.1981).
 
 
 15
 Counsel that represents both plaintiffs, and who also represented Community in the prior action, succinctly sets forth by affidavit the relationship of plaintiffs and Community.
 
 
 16
 "... (Forum) Plaintiff in this action owned fifty percent (50%) of the shares of stock of said Community Television Services, Inc. and said Midcontinent Broadcasting Company owned the other fifty percent (50%) ...; that all of the officers and directors of Community Television Services, Inc., are and at all times have been officers and directors of either Plaintiff Forum Communications Company or of Midcontinent Broadcasting Company; that the Plaintiff in this action, as well as the said Midcontinent Broadcasting Company cooperated and actively participated in the trial of the Community Televisions Services, Inc.' § suit against Dresser Industries, Inc.; that by reason of the relationship between the Plaintiff in this action and said Community Television Service, Inc., there was substantial identity of the parties and the interest of the parties in the outcome of the suit brought by Community Television Services, Inc. against said Defendant Dresser Industries, Inc.; ...
 
 
 17
 "That the reason this suit was not commenced and tried with the said suit brought by Community Television Services, Inc. against Dresser Industries, Inc. was that the suit brought against Dresser Industries, Inc. was commenced on August 19, 1975, being approximately seven months after the collapse of said television tower ...; that Plaintiff Forum Communications Company was not able to determine at that time its actual damages and those damages which it was reasonably certain to sustain in the future; ..."[3]
 
 
 18
 The district court's determination that privity existed between Community and plaintiffs through their relationship as lessor and lessees was correct as far as it went but where, as here, the parties have such a close relationship, bordering on near identity, they are for the purposes of res judicata the same parties. United States v. ITT Rayonier, Inc., 627 F.2d 996 (9th Cir. 1980); Green v. American Broadcasting Companies, Inc., 572 F.2d 628 (8th Cir. 1978); Towle v. Boeing Airplane Company, 364 F.2d 590 (8th Cir. 1966); Schell v. Walker, supra.
 
 
 19
 The remaining requirement for res judicata is identity of causes of action. The plaintiffs' actions and the prior action of Community alleged the same wrongful act, breach of express warranty[4], and the same operative facts which establish or give rise to the breach, collapse of the tower. The plaintiffs are simply asserting a second theory for recovery of damages which could have and should have been presented in the prior litigation. The first action sought recovery of direct damages and the latter seek consequential damages. It is well settled that a litigant cannot split his claim and have two trials on the same alleged breach of duty. Hayes v. Solomon, 597 F.2d 958, 982 (5th Cir. 1979); Towle v. Boeing Airplane Company, supra; Schell v. Walker, supra; IB Moore's Federal Practice § 0.410(1) at 1160-63.
 
 
 20
 Finding that the district court should have accepted Dresser's defense of res judicata and that such resolution is dispositive of this appeal, the remaining issues need not be considered. The Judgment below is affirmed for the reasons stated.
 
 
 21
 Affirmed.
 
 
 
 *
 The Honorable RONALD N. DAVIES, United States Senior District Judge, for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Fred J. Nichol, United States Senior District Judge, District of South Dakota
 
 
 [2]
 Forum Communications Company changed its corporate name to South Dakota Broadcasting Company in January, 1978
 
 
 [3]
 No dispute was raised concerning the facts contained in the two affidavits filed in the plaintiffs respective actions. Only the plaintiffs names were interchanged where necessary in each affidavit
 
 
 [4]
 Issue preclusion prevents relitigation of the negligence, strict liability and implied warranties issues which were presented in the Community action and determined in Dresser's favor. United States v. Karlen, 645 F.2d 635 (8th Cir. 1981); United States v. ITT Rayonier, Inc., 627 F.2d 996 (9th Cir. 1980)